UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Civil Case No. 1:26-cv-00811-LM-TSM

JANE DOE, as parent and legal guardian of JOHN DOE, a minor,

Plaintiff,

v.

EASTER SEALS NEW HAMPSHIRE, INC.,

Defendant.

**MOTION TO PROCEED UNDER ALIASES AND TO SEAL CERTAIN DOCUMENTS, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff moves this Court to proceed in this case by using aliases in place of the true name of the Plaintiff (“Jane Doe”), and her minor child, (“John Doe”).

Plaintiff further moves to submit a Declaration to the Court identifying the true names of the aliases referred to above, and petitions this Court to seal this Declaration, together with any other documents in the record which identify Plaintiff, Ms. Doe, and/or her child, John Doe, by their true names.

In support of their Motion, Plaintiff states as follows:

1. This is a negligence action arising from the sexual assault of John Doe while a residential student at Easter Seals New Hampshire. The Complaint necessarily sets out highly sensitive and private information concerning a minor child, including details of the assault, forensic and medical examinations following the assault, and the lasting impacts of the ordeal.

2. Although there is a "strong presumption against the use of pseudonyms in civil litigation," the First Circuit permits pseudonymity in exceptional cases. *Doe v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022). Recently, the court identified four paradigms in which the use of pseudonyms will ordinarily be warranted: (i) where the party reasonably fears identifying themselves would cause unusually severe physical or psychological harm to the party; (ii) where disclosure would harm innocent non-parties; (iii) where anonymity is necessary to forestall a chilling effect on similarly situated future litigants; and (iv) where the suit is bound up with a prior proceeding made confidential by law. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022).

3. This case falls squarely within the third paradigm. The First Circuit has explained that a deterrence concern "typically arises in cases involving 'intimate issues such as sexual activities … or the identity of abused minors.'" *Id.* at 71 (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)).

4. Courts in this Circuit routinely grant pseudonymity where, as here, a minor's sexual abuse is at issue. *See, e.g., Doe v. City of Springfield*, No. 25-30092-KAR, 2025 U.S. Dist. LEXIS 96699 (D. Mass. May 16, 2025) (minor alleging sexual assault by teacher in public school granted leave to proceed using pseudonyms for minor and mother); *Doe v. City of Boston*, No. 23-11294-FDS, 2024 U.S. Dist. LEXIS 43117, at *3 (D. Mass. Mar. 12, 2024) (sexual assault paradigmatic situation in which proceeding under pseudonyms is appropriate); *Doe v. Del Toro*, No. 1:23-cv-13112-JEK, 2024 WL 816511 (D. Mass. Feb. 27, 2024) (plaintiff's sexual assault case found to fall within first and third pseudonymity paradigms). Families of minors in similar circumstances would be deterred from seeking relief if they had to publicly attach their names to such allegations.

5. The first paradigm from *MIT* separately and independently supports the motion, because of the risk of harm to the minor. *See Del Toro*, No. 1:23-cv-13112-JEK, 2024 WL 816511, at *5 (survivors of sexual assault are paradigmatic examples of litigants who may be granted anonymity under *MIT*'s first paradigm).

6. Granting pseudonymity to John alone will not be adequate protection here: disclosure of Ms. Doe's name would serve as similar deterrence for future plaintiff parents from seeking relief if their names were identified; and disclosure of Ms. Doe's name would readily identify John in his current school and local community. *See Springfield*, 2025 U.S. Dist. LEXIS 96699 (disclosure of mother's identity would reveal minor's identity).

7. Plaintiff therefore respectfully requests that she and her son be referred to using the pseudonyms "Jane Doe" and "John Doe" to protect their identities.

WHEREFORE, Plaintiff, Ms. Doe, respectfully requests the following relief:

(a) to allow Plaintiff to proceed in all of her pleadings and submissions to the Court by using the aliases, Ms. Doe and John Doe in place of their true names;

(b) to allow Plaintiff to reveal the true names of the aliases to the Court by submitting a Declaration signed by the attorney of record in this case for Plaintiff, which Declaration shall be sealed by this Court; and

(c) to seal all other documents of public record in this case which contain the true names of Ms. Doe and/or John Doe.

Dated: October 2, 2026

/s/ Richard L. O'Meara
Richard L. O'Meara
MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME 04104-5085
(207) 773-5651
*E-mail: romeara@mpmlaw.com*